**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS HAROLD MACRAE, by and through his Successor in Interest, Heather Watters,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>HCR MANOR CARE SERVICES, LLC; et al.,<br><br>Defendants-Appellees. | No.    15-55190<br><br>D.C. No.<br>8:14-cv-00715-DOC-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 9, 2017
Pasadena, California

Before:  REINHARDT and NGUYEN, Circuit Judges, and MARBLEY,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Plaintiff Thomas MacRae was a resident of Defendant HRC Manor Care Services LLC's Fountain Valley skilled nursing facility. He filed a complaint alleging that Defendant's facility was understaffed in violation of California law and seeks relief under California Health and Safety Code § 1430(b) and the California Consumer Legal Remedies Act. The district court dismissed MacRae's Second Amended Complaint for failure to state a claim. We reverse and remand.

**1.** California law requires that skilled nursing facilities maintain sufficient staffing levels to meet the needs of their residents. The California Patients' Bill of Rights provides that each "facility shall employ an adequate number of qualified personnel to carry out all of the functions of the facility." Cal. Health & Safety Code § 1599.1(a). Although skilled nursing facilities must always maintain a staffing level of 3.2 nursing hours per patient day, Cal. Health & Safety Code § 1276.5(a), facilities must also "employ and schedule additional staff as needed to ensure quality resident care based on the needs of individual residents[.]" Cal. Health & Safety Code § 1276.65(d). California law creates a private right of action for residents to sue for violations of these staffing requirements. Cal. Health & Safety Code § 1430(b).

**2.** The district court erred in dismissing MacRae's § 1430(b) claim on the ground that the complaint does not allege understaffing during MacRae's

residency. The complaint makes the factual allegation that "[d]uring the residency of Plaintiff at the facility," the "staffing levels [were] inadequate given the acuity of its residents[.]" SAC ¶ 40. The complaint supports this allegation with figures drawn from data provided by Manor Care to the Center for Medicare and Medicaid Services: "during the residency of Plaintiff at the facility, Defendant's reported hours per patient day was 4.27 while the expected hours per patient day was 4.69." SAC ¶ 40. The allegation that the facility failed to maintain adequate staffing levels to meet the needs of its residents is, therefore, a plausible one. Accordingly, the complaint states a claim on which relief can be granted under § 1430(b). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**3.** For the same reason, the complaint adequately states a claim for consumer fraud under the Consumer Legal Remedies Act. The complaint alleges that the contract between MacRae and Manor Care provided that the facility would meet legal staffing requirements, but that the facility did not in fact maintain adequate staffing levels. SAC ¶ 26; ¶ 29. Because the complaint plausibly alleges illegal understaffing, it states a claim under the CLRA.

**4.** Even accepting Manor Care's assumption that state law abstention principles are pertinent in this state law case that has come under federal diversity jurisdiction, the district court did not err in adjudicating this case. Abstaining from

adjudicating MacRae's claims would frustrate the policy of the California legislature in explicitly authorizing private suits for statutory damages from residents of understaffed facilities. *See Shuts v. Covenant Holdco LLC*, 208 Cal. App. 4th 609, 623-24 (2012) ("[B]y enacting section 1430, subdivision (b), the Legislature specifically authorized skilled nursing facility residents *themselves* to bring actions to remedy violations of their rights . . .. Therefore, it would frustrate the main purpose of section 1430, subdivision (b) to conclude that courts should abstain from adjudicating claims under this statute . . ..").  Moreover, California's doctrine of equitable abstention cannot disturb claims for legal relief, such as statutory damages under 1430(b) or actual damages under the CLRA, which the complaint requests. *See Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 786 (N.D. Cal. 2011) ("[T]he equitable abstention doctrine does not afford the Court discretion to abstain from hearing Plaintiff's claims for damages under section 1430(b) or the CLRA, which are legal remedies.").

**5.** The district court has not ruled on Manor Care's argument that some of the parties named in the complaint are not proper defendants. Accordingly, we leave this matter to the district court on remand.

**REVERSED** and **REMANDED**.

*MacRea v. HCR Manor Care Services*, No. 15-55190

NGUYEN, Circuit Judge, concurring:

I concur in the disposition. I write separately to question whether the California equitable abstention doctrine applies in federal court at all, although we need not reach that issue here.

Because "the federal courts' obligation to adjudicate claims within their jurisdiction is virtually unflagging, abstention is permissible only in a few carefully defined situations with set requirements." *United States v. Morros*, 268 F.3d 695, 703 (9th Cir. 2001) (quotation and citation marks omitted). I am aware of no appellate authority—and Manor Care has identified none—holding that the California abstention doctrine qualifies as one such carefully defined situation.[1]

Applying the California abstention doctrine when federal abstention is unavailable potentially runs afoul of another doctrine—the *Erie* doctrine, which provides that federal courts sitting in diversity jurisdiction follow state substantive law, but not state procedural law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Where the requirements for federal abstention were not met, the Seventh

---

[1] Manor Care does not argue that it can satisfy the requirements of any federal abstention doctrines, such as the *Burford* doctrine, which permits federal courts to "decline to rule on an essentially local issue arising out of a complicated state regulatory scheme" where certain requirements are met. *Id.* at 705 (quotation and citation marks omitted).

1

Circuit has reversed on *Erie* grounds the dismissal of a claim under a state rule providing for discretionary dismissal. *AXA Corp. Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 277 (7th Cir. 2003). The state rule and the federal abstention doctrine at issue conflicted because they both addressed the problem of parallel litigation in multiple venues, but the state rule applied "liberally," whereas the federal abstention doctrine was "reserved for exceptional circumstances." *Id.* at 277. The court held that application of the state rule in federal court would violate *Erie* because the state rule was akin to other rules involving venue and therefore was procedural rather than substantive. *Id.* at 278.

Similarly, here, the California abstention doctrine appears to be procedural because it concerns not whether a right or obligation exists, but rather the proper venue for its enforcement. Manor Care's argument that the California abstention doctrine entrusts enforcement not to the courts but to a state agency, the California Department of Public Health, only serves to highlight the procedural nature of this doctrine. *See AXA Corp. Solutions*, 347 F.3d at 278. Applying the state rule would also "implicate[] an essential characteristic of the federal system," in which instance "we typically apply the federal rule" when conducting an *Erie* analysis. *In re Cnty. of Orange*, 784 F.3d 520, 528 (9th Cir. 2015). I am therefore doubtful that the California equitable abstention doctrine is a substantive rule that must apply in a federal diversity jurisdiction case.